IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LIMA CHARLIE SIERRA, LLC                                                                PLAINTIFF

v.                                       Case NO. 4:21-cv-00303 JM

XL SPECIALTY INSURANCE COMPANY.                                            DEFENDANT

<u>ORDER</u>

This case involves a dispute between the owner of an aircraft that was damaged in a fire, Plaintiff Lima Charlie Sierra, LLC ("LCS") and its insurance carrier, Defendant XL Specialty Insurance Company (XL). LCS's complaint alleges two causes of action: declaratory judgment as to the insurance policy at issue and breach of contract. A hearing was held on June 8, 2021 on LCS's motion for partial judgment on the pleadings as to the claim for declaratory judgment. (Doc. No. 6). After reviewing the filings and hearing argument from counsel, the Court finds that the motion is well-taken.

To prevail on a motion for judgment on the pleadings pursuant to Rule 12(c), the moving party must "clearly establish[] that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139, 1143 (8th Cir. 2019).

The complaint and answer establish that LCS owned a 2007 Hawker Beechcraft Premier 1 aircraft that was covered by a policy of insurance issued by XL at the time it was damaged by a fire while undergoing routine maintenance. The policy provides that "[XL] will promptly pay for any physical damage to a scheduled aircraft that occurs during the Policy Period . . . less any applicable deductible." (Doc. No. 2, p. 33). "Physical damage" is defined as "accidental, direct physical loss or damage to a scheduled aircraft . . . during the Policy Period, but it does not

include the loss of use or any residual depreciation in value either before or after repairs have been made." (Doc. No. 2, p. 39). The policy excludes "Physical Damage Coverages, to any loss, damage, claim or expense . . . due to depreciation in the value of, or arising from the loss of use of the insured property." (Doc. No. 2, p. 22).

LCS filed a claim under the policy making a demand for coverage representing the insured value of the aircraft ($2,570,000.00) less the price it sold the aircraft as salvage for (approximately $675,000.00). XL disagreed that this was an appropriate demand and instead made an offer to pay the cost of repairing the aircraft (approximately $27,500.00) that did not include any diminution in value.

In its motion, LCS argues that the diminution in value to the aircraft from having a damage history is a covered loss under the unambiguous policy and under Arkansas law. XL disagrees that the law cited by LCS is applicable to aircraft and argues that the policy clearly excludes LCS's diminution in value claim. The Court agrees with LCS. As was stated in open court, the Court finds as follows:

    1. The insurance policy is not ambiguous.

    2. "Diminution in value" is not the same as "depreciation." While depreciation results in a diminution in value of the aircraft, it is narrower than the type of loss at issue here—the loss in value caused by the damage to the aircraft without regard to depreciation.

    3. The term "direct physical loss" included in the defintion of physical damage includes diminution in value as a result of a casualty.

    4. The depreciation exclusion does not exclude diminution in value caused by a casualty.

For these reasons, Plaintiff's motion for partial judgment on the pleadings (Doc. No. 6) is GRANTED.

3

IT IS SO ORDERED this 9th day of June, 2021.

                                                                                                        
UNITED STATES DISTRICT JUDGE